An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CANDELARIO BAEZA,
Appellant,
vs.
CASABLANCA RESORT & CASINO;
AND NELSON DAVISON
ADMINISTRATORS, INC.,
Respondents.

No. 62465

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

An appeals officer denied appellant's request for permanent total disability (PTD) benefits, concluding that appellant had failed to establish his eligibility for PTD benefits under the odd-lot doctrine. *See* NRS 616C.435(2); *Nev. Indus. Comm'n v. Hildebrand*, 100 Nev. 47, 50-51, 675 P.2d 401, 403-04 (1984). The district court denied appellant's petition for judicial review, and this appeal followed.

This court's role in reviewing an administrative agency's decision is identical to that of the district court. *Elizondo v. Hood Mach., Inc.*, 129 Nev. ___, ___, 312 P.3d 479, 482 (2013). In particular, this court reviews an administrative agency's factual findings for clear error or an arbitrary abuse of discretion and will only overturn those findings if they are not supported by substantial evidence. *Id.* Substantial evidence is evidence that a reasonable person might accept as adequate to support the agency's conclusion. *Id.* "Determination of the extent or permanency of the employee's medical disability is a question of fact . . . ." *Hildebrand*, 100 Nev. at 51, 675 P.2d at 404.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30573

Having considered the parties' arguments and the record on appeal, we conclude that substantial evidence supported the appeals officer's determination that appellant was ineligible for PTD benefits. In particular, the record demonstrates that appellant was found to have only a five-percent whole person impairment. The record also demonstrates that a functional capacity evaluation was performed on appellant and that the evaluation found appellant to be capable of performing medium-duty work. The record further demonstrates that a labor market survey listed potential job availabilities in the Mesquite area that could have possibly satisfied appellant's medium-duty work restrictions. Thus, the appeals officer was within her discretion in concluding that appellant's physical abilities counterbalanced appellant's age, experience, training, and education so as to render him ineligible for PTD benefits under the odd-lot doctrine.[1] *Elizondo*, 129 Nev. at ___, 312 P.3d at 482; *Hildebrand*, 100 Nev. at 51, 675 P.2d at 404. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[1]Appellant argues that the appeals officer should have given more credence to Gerald Davis's opinion that appellant was entitled to PTD benefits. The appeals officer indicated, however, that Mr. Davis did not consider appellant's low whole person impairment or the functional capacity evaluation in rendering his opinion. Thus, we cannot conclude that the appeals officer abused her discretion by not giving more weight to Mr. Davis's opinion. *Elizondo*, 129 Nev. at ___, 312 P.3d at 482 (recognizing that this court defers to an appeals officer's credibility determinations).

cc: Hon. Jessie Elizabeth Walsh, District Judge
Janet Trost, Settlement Judge
Diaz & Galt, LLC/Reno
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A